IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **THE HILLIARD BUILDING, LLC, A TEXAS LIMITED LIABILITY CORPORATION,**<br>    Plaintiff,<br><br>v.<br><br>**UNDERWRITERS AT LLOYD'S, LONDON, INTERNATIONAL CATASTROPHE INSURANCE MANAGERS, LLC; THE HARTFORD INSURANCE COMPANY; BOULDER CLAIMS; EFI GLOBAL, INC.; NATIONAL FIRE & MARINE INSURANCE COMPANY; INSURANCE COVERAGE VERIFICATION SERVICES; JASON LEE; CARL SCHOENBERGER,**<br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § | **CIVIL ACTION NO.: 2:19-cv-00284** |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Hartford Insurance Company of the Midwest (improperly named as "The Hartford Insurance Company" and hereafter referred to as "Hartford"), a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended, appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States,"[2] and at the expense of the U.S. Treasury.[3] As discussed herein, Plaintiff's lawsuit may only be addressed in this federal court, because Plaintiff has succinctly placed at issue matters exclusively regulated by the Federal Emergency Management Agency ("FEMA") under authority of the Congress pursuant to 42

---

[1] 44 C.F.R. § 62.23(f).

[2] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir.1998).

[3] *Grissom v. Liberty Mu. Fire Ins. Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

U.S.C. § 4013(a). Hartford, therefore, files this Notice of Removal removing this matter from the County Court of Law No. 4 of Nueces County, Texas to the docket of this Honorable Court. An index of all documents being filed contemporaneously with this Notice of Removal pursuant to Local Rule CV-81 is attached as Exhibit A. In support of this removal, Hartford would respectfully show as follows:

### I.

1. On August 23, 2019, Plaintiff, The Hilliard Building, LLC, A Texas Limited Liability Corporation, filed a lawsuit entitled "*The Hilliard Building, LLC, A Texas Limited Liability Corporation v. Underwriters at Lloyd's London, et al.*," in County Court at Law No. 4 of Nueces County, Texas, bearing Docket No. 2019CCV-61459-4. *See* Exhibit B attached hereto, a copy of Plaintiff's lawsuit and all pleadings served on Hartford to date.

2. Hartford hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. § 4072, 44 C.F.R. Pt. 61, App. A(2), art. VII(R) and Article IX, 28 U.S.C. §§ 1331, 1337, 1367, and 1441(c).

### II.

**A.    REVIEW OF THE PLAINTIFF'S ORIGINAL PETITION**

3. At Paragraph 2 of Plaintiff's Original Petition, Plaintiff alleges that it is a Texas Limited Liability Corporation with its principal place of business at 719 S. Shoreline Blvd. Corpus Christi, Texas 78401.

4. At Paragraph 7 of Plaintiff's Original Petition, Plaintiff alleges that Defendant Hartford Insurance Company is a domestic insurance company engaged in the business of insurance in the State of Texas.

-3-

5. At Paragraph 17, Plaintiff alleges it is the owner of the property located at 719 S. Shoreline Blvd. Corpus Christi, Texas 78401 and had an insurance policy number 8705592929 issued by Defendant insuring the above address issued. The policy of insurance bearing number 8705592959 is the General Property Form Standard Flood Insurance Policy ("SFIP") evidenced by the Flood Policy Declarations, attached as Exhibit C.

6. At paragraph 18, Plaintiff alleges that on or about August 25, 2017, Hurricane Harvey caused severe damage to its building.

7. At paragraphs 20 - 22, Plaintiff alleges that it filed an insurance claim as a result of Hurricane Harvey, that it requested that its insurance companies cover the cost of the repairs, but Defendants wrongfully denied Plaintiff's claim for repairs of the property, even though the applicable policies provided coverage for such losses. Further, Plaintiff alleged the insurance carrier Defendants continue to delay in the payment of the damages to the property and, as such, Plaintiff has not been paid for covered damage to the property.

8. At paragraph 23, Plaintiff alleges that the insurance carrier Defendants have failed to perform its contractual duties under the applicable policies of insurance by refusing to pay its claim and is in breach of its insurance contract.

9. At paragraph 26, Plaintiff alleged Defendants failed to fully compensate Plaintiff under the terms of the policies.

10. At paragraph 29, Plaintiff alleged the insurance carrier Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.

11. At paragraphs 49-51, Plaintiff asserts a cause of action for breach of contract and alleges that the insurance carrier Defendants' failure to pay adequate compensation under the terms of the policies constitutes breach of the insurance contracts and in violation of Texas law.

12. At paragraphs 52–57 and 58-61, Plaintiff asserts causes of action against the insurance carriers for Non-Compliance with the Texas Insurance Code including Unfair Settlement Practices and Prompt Payment of Claims.

13. At paragraphs 62-63 and 65-75, Plaintiff asserts a causes of action against the insurance carriers for Breach of the Duty of Good Faith and Fair Dealing and violations of the Texas Deceptive Trade Practices Act.

14. At paragraph 76-83, Plaintiff alleges that as a result of Defendant's acts and/or omissions, Plaintiff is owed amounts under the policy and seek actual damages, extra-contractual damages, pre-judgment and post-judgment interest, statutory damages, common law damages and attorneys' fees.

  **B. THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

15. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically FEMA.

16. Congress delegated rulemaking authority exclusively to the Federal Government to determine the conditions of insurability and to write the flood policy. *See* 42 U.S.C. § 4013(a). Decades ago, FEMA exercised its authority under § 4013(a) to adopt, by regulation, the terms and conditions of insurability, which includes the SFIP codified at 44 C.F.R. Pt. 61, App. A(2).

17. Pursuant to Congressional authorization found at 42 U.S.C. § 4071(a)(1), FEMA uses "Write-Your-Own" companies like Hartford to aid it in its statutory duty to administer the National Flood Insurance Program. *See also* 42 U.S.C. §4081(a)(permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. §62.23(a)-(d) (establishing the WYO program to permit private insurers to sell and administer Standard Flood Insurance Policies).

18. Hartford, as a WYO Program carrier, is authorized to issue the SFIP which is a federal regulation found at 44 C.F.R. Pt. 61, App. A(2), on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA.[4] The flood policy referenced is a General Property Form SFIP codified and found at 44 C.F.R. Pt. 61, App. A(2), a copy of which is attached as Exhibit C.

19. Hartford cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. § 61.13(d); 44 C.F.R. Pt. 61, App. A(2), Art. VII(D).

20. The payments that Plaintiff seeks in this lawsuit constitute a direct charge on the public treasury and would be binding upon the federal government. *See Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998). Further, there is a presumption that federal funds are at risk in NFIP litigation, including the sale and administration of flood policies. *See Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 402 (5th Cir. 2012).

21. The National Flood Insurance Program, the Standard Flood Insurance Policy, and the Write-Your-Own Program carriers participating in the National Flood Insurance Program are all governed by federal law, not state law:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is

---

[4] The Arrangement can be found at https://www.fema.gov/media-library/assets/documents/17972.

clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*See West v. Harris*, 573 F.2d 873, 881 (5th, Cir. 1978)

22. Based upon the foregoing, it is clear that the NFIP, the SFIP and WYO Program carriers participating in the NFIP, such as Hartford, are all governed by federal law, not state law.

**C.  FEDERAL JURISDICTION**

**(1)  42 U.S.C. § 4072 – Original Exclusive Jurisdiction**

23. 42 U.S.C. § 4072, conveys "original exclusive" jurisdiction over claims involving claims handling and administration of the SFIP. This original, exclusive jurisdiction encompasses all claims relating to the provision of flood insurance under the NFIA regardless of whether they are pled in contract, tort, or other state statutory remedies, and regardless of whether the named defendant is FEMA or a WYO insurer.

**(2)  28 U.S.C. § 1331 – Federal Question Jurisdiction**

24. Hartford contends that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(2) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(2), Article IX; (Exhibit C). Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. § 1331. *See Constr. Funding, L.L.C. v. Fidelity Nat'l Indem. Ins. Co.*, 636 F.App'x 207, 209 (5th Cir. 2016); *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).

25.     In order to determine what, if any, U.S. Treasury benefits the Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations, statutes and the FEMA Flood Manual governing the SFIP, including renewals of SFIPs.  Regardless of the source of funding for Plaintiff's alleged actual damages, the Court will have to interpret the SFIP and NFIP rules, regulations and FEMA written guidance to determine whether the damages alleged fall within coverage of the SFIP – a federal regulation. Federal common law governs such interpretation, and "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning."  *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984).  As the SFIP is a federal law, and the NFIP rules are promulgated by FEMA – the federal agency charged by the Congress with administering the NFIP, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder, and any amounts due under the SFIP, would require the interpretation of a federal law which presents a federal question.

26.     Pursuant to 28 U.S.C. § 1331, and by operation of 28 U.S.C. § 1441(a), (b) and (c), Hartford asserts that there are multiple federal questions presented within the Plaintiff's Original Petition thereby making the action removable pursuant to 28 U.S.C. § 1331.

### (3)     Federal Jurisdiction under 28 U.S.C. § 1337

27.     Removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce.  Under the NFIA, 42 U.S.C. § 4001, *et seq.*, Congress is regulating commerce by promulgating this complex and comprehensive statutory scheme known as the National Flood Insurance Program.  *See C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 FN3 (3rd Cir. 2004).  Under § 1337, removal is proper where the

facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the Plaintiff's pleadings. *See Uncle Ben's Int'l Div. of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D. Tex. 1955); *Puerto Rico v. Sea-Land Serv. Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

### D.  SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

28. To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367; *see also Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 557 (2005).

### E.  PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

29. Hartford notes that its first knowledge or notice of the suit was on or about September 6, 2019. This Notice of Removal was filed on September 30, 2019. Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. § 1446(b), and it is therefore timely.

30. The property is located at 719 S. Shoreline Blvd., Corpus Christi, Texas. (*See* Ex. B, ¶17). Thus, venue is proper in this Court pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Pt. 61, App. A(2), Art. VII(R), as the property is located within the jurisdictional territory of this Court.

31. Upon information and belief, all other Defendants to this action, Underwriter's at Lloyd's London, International Catastrophe Insurance Managers, LLC, Boulder Claims, EFI

-9-

Global Inc. National Fire & Marine Insurance Company, Jason Lee and Carl Shoenberger, have been served with process, all are or will be represented by the Gieger, Laborde & Laperouse law firm, through attorneys Christopher R. Teske and C.J. Chambers, and all co-defendants join in and consent to remove this action to federal court.  (*See* Exhibit D).

32.     Further, as on or about September 19, 2019, Co-Defendant, Insurance Coverage Verification Services, was dismissed from this action, and no consent is required from that entity.  (Exhibit E).

33.     Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit B is a copy of all processes, pleadings, and orders served on Hartford to date.

## CONCLUSION

WHEREFORE, Defendant, Hartford Insurance Company of the Midwest, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated:  September 30, 2019.	Respectfully submitted,

**BAKER & HOSTETLER, LLP**

By: <u>*/s/ Bradley K. Jones*</u>
    Douglas D. D'Arche
    State Bar No. 00793582
    Bradley K. Jones
    State Bar No. 24060041
    Ryan A. Walton
    State Bar No. 24105086
    811 Main St., Suite 1100
    Houston, Texas 77002
    Telephone: (713) 751-1600
    Facsimile: (713) 751-1717
    Email: ddarche@bakerlaw.com;
    bkjones@bakerlaw.com;
    rwalton@bakerlaw.com

And

**NIELSEN & TREAS, LLC**
Iliaura Hands Esq.,
USDC SDTX #968480
TX State Bar #24033597
Kim Tran Britt
TX Fed. Bar #594865
Louisiana State Bar #24896
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504) 832-9165
Email: ihands@nt-lawfirm.com
Email: kbritt@nt-lawfirm.com

**COUNSEL FOR DEFENDANT, HARTFORD INSURANCE COMPANY OF THE MIDWEST**

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing was served upon all counsel of record via the Court's CM/ECF System and/or in a manner authorized by the Federal Rules of Civil Procedure this 30th day of September, 2019.

                                        */s/ Bradley K. Jones*
                                        Bradley K. Jones