**CT Corporation**

**Service of Process Transmittal**
09/06/2019
CT Log Number 536196034

TO: Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

RE: **Process Served in Texas**

FOR: Hartford Insurance Company  (Cross Ref Name)  (Domestic State: CT)
Hartford Fire Insurance Company (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | THE HILLIARD BUILDING, LLC, ETC., PLTF. vs. UNDERWRITERS AT LLOYDS LONDON, et al., Dfts. // To: The Hartford Insurance Company *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Citation(s), Return(s), Petition |
| **COURT/AGENCY:** | County Court at Law No. 4 Nueces County, TX Case # 2019CCV614594 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/06/2019 at 12:43 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the dale of service of this citation |
| **ATTORNEY(S) / SENDER(S):** | Marion M. Reilly Hilliard Martinez Gonzales LLP 719 S. Shoreline Boulevard Corpus Christi, TX 78401 361-882-1612 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/06/2019, Expected Purge Date: 09/11/2019 Image SOP Email Notification, Michael Johnson  MICHAEL.JOHNSON@THEHARTFORD.COM Email Notification, Fiona Rosenberg  Fiona.Rosenberg@thehartford.com |
| **SIGNED:** **ADDRESS:** | C T Corporation System 1999 Bryan Street Suite 900 Dallas, TX 75201 |
| **For Questions:** | 214-932-3601 |

**EXHIBIT B**

Page 1 of  1 / AA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

ORIGINAL

<u>Citation for Personal Service –RESIDENT</u>

Case Number: **2019CCV-61459-4**

THE STATE OF TEXAS

NOTICE TO DEFENDANT:   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:   **The Hartford Insurance Company**
      **CT Corporation System**
      **400 North St Paul Street**
      **Dallas Texas  75201**
the Defendant,

GREETING:  You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition And Requests For Disclosure** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Mark H. Woerner, County Court at Law #4** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said **Petition** was filed on the 23rd day of August, 2019.  A copy of same accompanies this citation.
The file number of said suit being Number:   **2019CCV-61459-4**

The style of the case is: **The Hilliard Building, LLC, A Texas Limited Liability Corporation vs. Underwriters at Lloyd's, London,International Catastrophe Insurance Managers, LLC,The Hartford Insurance Company, et al**

Said Petition was filed in said court by **Marion M. Reilly**, attorney for Plaintiff, whose address is 719 S Shorline Blvd Ste 500  Corpus Chrisit Tx  78401 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 29th day of August, 2019.

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _____, Deputy
      Nicole Alvarado

## RETURN OF SERVICE

2019CCV-61459-4

THE HILLIARD BUILDING, LLC, A TEXAS
LIMITED LIABILITY CORPORATION
VS.
UNDERWRITERS AT LLOYD'S,
LONDON, INTERNATIONAL CATASTROPHE
INSURANCE MANAGERS, LLC, THE
HARTFORD INSURANCE COMPANY, ET AL

COUNTY COURT AT LAW #4

Name _____

**ADDRESS FOR SERVICE**
The Hartford Insurance Company
CT Corporation System
400 North St Paul Street
Dallas TX 75201

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ___. m., and executed in
_____ County, Texas by delivering to the within named defendant in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of the _____
_____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Fees: _____ Officer
Serving Petition and Copy    $_____    _____ County, Texas
Total    $_____    By _____ Deputy

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
        (First, Middle, Last)

address is _____
        (Street, City, State, Zip, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of
of _____, 20_____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

*COPY*

Citation for Personal Service –RESIDENT

Case Number: **2019CCV-61459-4**

THE STATE OF TEXAS

NOTICE TO DEFENDANT:   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:   **The Hartford Insurance Company**
      **CT Corporation System**
      **400 North St Paul Street**
      **Dallas Texas  75201**
the Defendant,

GREETING:   You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition And Requests For Disclosure** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Mark H. Woerner, County Court at Law #4** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said **Petition** was filed on the 23rd day of August, 2019.  A copy of same accompanies this citation.
The file number of said suit being Number:   **2019CCV-61459-4**

The style of the case is:  **The Hilliard Building, LLC, A Texas Limited Liability Corporation vs. Underwriters at Lloyd's, London,International Catastrophe Insurance Managers, LLC,The Hartford Insurance Company, et al**

Said Petition was filed in said court by **Marion M. Reilly**, attorney for Plaintiff, whose address is 719 S Shorline Blvd Ste 500  Corpus Chrisit Tx  78401 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 29th day of August, 2019.

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401
BY: ~Nicole Alvarado~ , Deputy
Nicole Alvarado

## RETURN OF SERVICE

2019CCV-61459-4

THE HILLIARD BUILDING, LLC, A TEXAS
LIMITED LIABILITY CORPORATION
VS.
UNDERWRITERS AT LLOYD'S,
LONDON, INTERNATIONAL CATASTROPHE
INSURANCE MANAGERS, LLC, THE
HARTFORD INSURANCE COMPANY, ET AL

COUNTY COURT AT LAW #4

_____
Name

**ADDRESS FOR SERVICE**
The Hartford Insurance Company
CT Corporation System
400 North St Paul Street
Dallas TX 75201

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20____, at _____ o'clock ___. m., and executed in
_____ County, Texas by delivering to the within named defendant in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of the _____
_____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|-----------|------------------------------------------|
|      |           |                                          |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Fees: _____ Officer
Serving Petition and Copy    $_____    _____ County, Texas
Total                        $_____    By _____ Deputy

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my
                (First, Middle, Last)
address is _____
                (Street, City, State, Zip, Country)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of
of _____, 20_____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

Filed
8/23/2019 4:58 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019CCV-61459-4

| | | |
|---|---|---|
| THE HILLIARD BUILDING, LLC, A TEXAS LIMITED LIABILITY CORPORATION | § § § | IN THE COUNTY COURT |
| *Plaintiff,* | § § § | |
| V. | § § | |
| | § | AT LAW _____ |
| UNDERWRITERS AT LLOYD'S, LONDON; INTERNATIONAL CATASTROPHE INSURANCE MANAGERS, LLC; THE HARTFORD INSURANCE COMPANY; BOULDER CLAIMS; EFI GLOBAL, INC.; NATIONAL FIRE & MARINE INSURANCE COMPANY; INSURANCE COVERAGE VERIFICATION SERVICES; JASON LEE; CARL SCHOENBERGER, | § § § § § § § § § § § § § | |
| *Defendants.* | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, The Hilliard Building, LLC, a Texas Limited Liability Corporation, and files this Original Petition, complaining of Defendants, Underwriter's at Lloyd's London; International Catastrophe Insurance Managers, LLC; Boulder Claims; the Hartford Insurance Company; and EFI Global, Inc. and for cause of action and in support thereof would show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Pursuant to the provisions of Texas Rule of Civil Procedure 190.3, Plaintiff proposes to conduct discovery according to Discovery Control Plan Level 3, and therefore

requests this Court to enter a Litigation Control Order, which includes a discovery deadline date and a designation of expert deadline.

## II.
## PARTIES

2.      Plaintiff, the Hilliard Building, LLC, is a Texas Limited Liability Corporation with its principal place of business at 719 S. Shoreline Blvd. Corpus Christi, Texas 78401.

3.      Defendant Underwriter's at Lloyd's London ("Lloyd's) is a foreign surplus lines insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Lloyd's regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas. According to its insurance policy, Lloyd's may be served with process by serving: Mendes & Mount, LLP 750 Seventh Avenue, New York, NY 10019.

4.      Defendant International Catastrophe Insurance Managers, LLC ("iCat") is a Foreign Limited Liability Company with its principal place of business at 385 Interlocken Crescent, Suite 1100 Broomfield, CO 80021. Service will be by private process server. Service is hereby requested at this time.

5.      Defendant Boulder Claims, LLC is a Foreign Limited Liability Company with its principal place of business at 385 Interlocken Crescent, Suite 1100 Broomfield, CO 80021. Service will be by private process server. Service is hereby requested at this time.

6.      Defendant EFI Global, Inc. is a corporation with its principal place of business at 500 Sandau Road, Suite 400, San Antonio, TX 78261. Service will be by private process server. Service is hereby requested at this time.

7.      Defendant the Hartford Insurance Company ("Hartford"), is a domestic insurance company engaged in the business of insurance in Texas, operating for the purpose of

accumulating monetary profit. Hartford has no designated agent for service. Hartford regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas. Hartford may be served with process by serving by certified mail, return receipt requested, on CT Corp. System, 400 North St. Paul Street, Dallas, Texas 75201.

8.      Defendant National Fire & Marine Insurance Company is an Insurance Company with its principal place of business at 1314 Douglas St., Suite 1400, Omaha, Nebraska 68102. Defendant National Fire & Marine Insurance Company may be served with process by serving its registered agent, J. Gottschalk, at 1314 Douglas Street, Suite 1400, Omaha, Nebraska 68102.

9.      Defendant Insurance Coverage Verification Services is a Single Location Partnership with its principal place of business at 4200 S. Hulen Street, Suite 340, Fort Worth, Texas 76109. It is thus a Texas corporation.

10.     Upon information and belief, Defendant Jason Lee is an individual residing in the State of Texas. Mr. Lee worked with Insurance Coverage Verification Services and was responsible for overseeing parts of Plaintiff's claim.

11.     Defendant Carl Schoenberger is an individual residing at 840 S. Stratford Ave., Elmhurst, Illinois 60126-4651. Mr. Schoenberger worked with EFI Global, Inc. and was responsible for overseeing parts of Plaintiff's claim. Service will be by private process server. Service is hereby requested at this time.

12.     Defendants, Underwriter's at Lloyd's London, International Catastrophe Insurance Managers, LLC, the Hartford Insurance Company, and National Fire & Marine Insurance Company are hereby collectively referred to as the "insurance carrier Defendants." All Defendants collectively are referred to as "Defendants."

## III.
## JURISDICTION AND VENUE

13.     Venue is proper in Nueces County, Texas under Texas Civil Practice & Remedies Code Section 15.002(a)(1), as all or a substantial part of the events or omissions giving rise to this claim occurred in Nueces County.  In particular, the insurance policy at issue was to be performed in Nueces County, Texas and the losses under the policy (including payments to be made to the Plaintiff under the policy) were required to be made in Nueces County, Texas. Further, investigations, including communications from Plaintiff to Defendants occurred in Nueces County, Texas.

14.     Venue is also proper under Texas Civil Practice & Remedies Code Section 15.032 as the insured property is situated in Nueces County, Texas.

15.     This Court has subject matter jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

16.     This Court also has personal jurisdiction over the Defendants because they have continuous and systematic contact with the State of Texas, engage in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of their business activities in the State of Texas.  Defendants EFI Global, Inc. and Insurance Coverage Verification Services are Texas residents, and have their regular places of business in Texas, and regularly conduct business with residents of the State of Texas, regarding properties located in the State of Texas, such as the one at bar.

## IV.
## FACTS

17.     Plaintiff is the owner of a Texas Insurance Policy on a building, The Hilliard Building, located at 719 S. Shoreline Blvd. Corpus, Christi, Texas 78401 ("the property"). The relevant policy numbers at issue are 42-7590094192-S-01 and 8705592959.

18.     On or about August 25, 2017, Hurricane Harvey slammed into the Texas coastline, causing severe damage to homes and businesses throughout the gulf-coast region of Texas, including the Hilliard Building. The property sustained significant damage, including but not limited to, damage to its roof, soffits, gutters, windows, fascia, siding, and interior damage from rain that entered into the building during the storm.

19.     Plaintiff filed an insurance claim, Claim Number ICAT-2017-V-0000012930, with its insurance companies for the damage incurred as a result of Hurricane Harvey.

20.     Plaintiff requested that its insurance companies cover the cost of repairs to the property pursuant to the policy.

21.     The insurance carriers assigned Defendants EFI Global, Inc., Insurance Coverage Verification Services, and Boulder Claims, LLC to oversee aspects of Plaintiff's claims.

22.     As detailed below, the insurance carrier Defendants wrongfully denied Plaintiff's claim for repairs of the property, even though the applicable policies provided coverage for losses such as those suffered by the Plaintiff. Furthermore, Defendants EFI Global, Inc., Insurance Coverage Verification Services, Carl Schoenberger, and Jason Lee under-scoped and misrepresented the type and extent of damages suffered to the property during their respective investigations. Additionally, the insurance carrier Defendants continue to delay in the payment of the damages to the property. As such, Plaintiff has not been paid for covered damage to the property at issue.

23.     The insurance carrier Defendants failed to perform their contractual duties to adequately compensate Plaintiff under the terms of the applicable policies. Specifically, they refused to pay the proceeds of the Policy, although valid demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policies had been carried out and accomplished by Plaintiff. The insurance carrier Defendant's conduct constitute a breach of the insurance contract between the insurance carrier Defendants and the Plaintiff.

24.     All Defendants misrepresented to the Plaintiff that the damage was not covered under the policies, even though the damage was caused by a covered occurrence. The wrongful conduct of Defendants constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(2)(A).

25.     Defendants failed to adequately explain the reasons for denial and offering an inadequate settlement ($0). Specifically, the insurance carrier Defendants failed to offer Plaintiff adequate compensation and did not provide Plaintiff with a legitimate explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is in violation of Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(3).

26.     Defendants failed to fully compensate Plaintiff under the terms of the policies, even though Defendants failed to conduct a complete and adequate investigation. Specifically, Defendants performed only an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the property. This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060(a)(7).

27.     The insurance carrier Defendants failed to accept for deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. This conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 541.056.

28.     The insurance carrier Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of a claim without delay.  Specifically, they have delayed payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has still not yet received payment for its claim. This conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, Tex. Ins. Code Section 542.058.

29.     From and after the time Plaintiff's claim was presented to the Defendants, the insurance carrier Defendants' liability to pay the full claim in accordance with the terms of the policy was reasonably clear.  However, the insurance carrier Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. This conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

31.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing it with respect to these causes of action.

32.     Plaintiff's experience is not an isolated case. The acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they

constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the insurance companies at the expense of the policyholders.

## IV.
## CAUSES OF ACTION

**A.  CAUSES OF ACTION AGAINST ALL DEFENDANTS: VIOLATIONS OF THE TEXAS INSURANCE CODE.**

33.     Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code Section 542.060(a). All violations under this article are made actionable by Tex. Ins. Code Section 541.151.

34.     Defendants EFI Global, Inc., Insurance Coverage Verification Services, Carl Schoenberger, and Jason Lee are further individually liable for their unfair and deceptive acts, irrespective of the fact that they were acting on behalf of the insurance carrier Defendants, because they are "persons" as defined by Tex. Ins. Code §541.002(2). The term "persons" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, *including an agent, broker, adjuster or life and health insurance counselor.* " Tex. Ins. Code §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

35.     Defendants' unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(1).

36.     Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the policies is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(2)(A).

37.     The unfair settlement practice of Defendants as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policies, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(3).

38.     Defendants' unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(4).

39.     Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(7).

40.     Defendants' conduct also constitutes multiple violations of the Texas Insurance Code. Unfair Settlement Practices. Tex. Ins. Code § 541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

41.     Defendants' unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

42.     Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendants' liability under the policies was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

43.     Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. CODE.§541.060(7).

**B.     CAUSES OF ACTION AGAINST ALL DEFENDANTS: COMMON LAW FRAUD**

44.     Defendants are liable to Plaintiff for common law fraud.

45.     Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

46.     The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

47.     The statement, reasonably relied upon by the Plaintiff, caused Plaintiff's damages as alleged herein.

C.    **CAUSES OF ACTION AGAINST ALL DEFENDANTS: CONSPIRACY TO COMMIT FRAUD.**

48.    Defendants are liable to Plaintiff for conspiracy to commit fraud. Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

D.    **CAUSES OF ACTION AGAINST THE INSURANCE CARRIER DEFENDANTS ONLY: BREACH OF CONTRACT**

49.    The insurance carrier Defendants are liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

50.    The insurance carrier Defendants' conduct constitutes a breach of the insurance contracts made between the insurance carrier Defendants and Plaintiff.

51.    The insurance carrier Defendants' failure and refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policies in question and under the laws of the State of Texas, constitutes a breach of the insurance contracts with Plaintiff.

E.    **CAUSES OF ACTION AGAINST THE INSURANCE CARRIER DEFENDANTS ONLY: NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES**

52.    The insurance carrier Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

53. The insurance carrier Defendants' unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(1).

54. The insurance carrier Defendants' unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though the insurance carrier Defendants' liability under the policies was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(2)(A).

55. The insurance carrier Defendants' unfair settlement practices, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policies, in relation to the facts or applicable law, for their failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(3).

56. The insurance carrier Defendants' unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(4).

57. The insurance carrier Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a fair and reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(7).

**F.   CAUSES OF ACTION AGAINST THE INSURANCE CARRIER DEFENDANTS ONLY: NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS**

58.    The insurance carrier Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

59.    The insurance carrier Defendants' failure to acknowledge receipt of Plaintiff's claim, commence full and appropriate investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the Tex. Ins. Code §542.055.

60.    The insurance carrier Defendants' failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

61.    The insurance carrier Defendants' delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

**G.   CAUSES OF ACTION AGAINST THE INSURANCE CARRIER DEFENDANTS ONLY: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

62.    The insurance carrier Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

63.    The insurance carrier Defendants' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, the insurance carrier

Defendants' knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**H.     KNOWLEDGE AND INTENT REALTED TO THE CAUSES OF ACTION**

64.     Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" as those terms are used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

**I.     TEXAS DECEPTIVE TRADE PRACTICES ACT**

65.     Defendant' conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE Section 17.41, et seq., (D.T.P.A.) by engaging in false, misleading or deceptive acts and practices.

66.     Each of the acts described above, together and singularly, constitutes a violation of the D.T.P.A., pursuant to the tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brings each cause of action alleged above under the D.T.P.A., pursuant to the tie-in provision.

67.     Plaintiff was a "consumer" in that Plaintiff acquired the policy by purchasing the insurance policy and the insurance contract forms the basis of this action. Defendants has violated the D.T.P.A., in the following ways:

> a.   Defendants misrepresented to the claimant-insured a material fact or policy provision relating to coverage at issue;
>
> b.   Defendants failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which the insurer's liability became reasonably clear;

c. Defendants refused to pay the claim without a reasonable investigation on their parts with respect to the claims.

68.     Defendants' conduct of deceptively denying the damage to properties relating to the weather events of hail, wind and/or rain, including windstorms, constitute unfair and deceptive trade practices.

69.     Defendants are liable for its unfair and deceptive acts by performing an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claims of denying Plaintiff's insurance claims by concluding that the damage to Plaintiff's property was not a result of Hurricane Harvey.

70.     Defendants' unfair practice, as described above, of misrepresenting to Plaintiff that the damage to the property was not related to a covered event is a material fact relating to the coverage at issue and constitutes an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

71.     Defendants' failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims with Plaintiff, even though Defendants' liability under the policies was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

72.     Additionally, Defendants violated the Deceptive Trade Practices Act by engaging in false, misleading or deceptive acts and practices by denying Plaintiff's claims on the basis that the damage to the property occurred over time or as a result of wind-driven rain not covered. The storm that caused the damage was a major event that severely damaged structures in the surrounding areas, but Defendants employed an outcome-oriented investigation for the sole purpose of denying Plaintiff's claim.

73.     Defendants' conduct was in or affecting commerce.

74.     Each of the acts described above, together and singularly, constitutes a deceptive trade practice in violation.

75.     Plaintiff has been damaged as a result of Defendants' deceptive trade practices in an amount equal to the costs of repairs and attorney fees. Plaintiff also seeks treble damages from Defendants for knowing and intentional conduct.

## V.
## DAMAGES

76.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

77.     As previously mentioned, the damages caused by Hurricane Harvey have not been properly addressed or repaired in the months since the storm, causing further damages to the property and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

78.     For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorneys' fees.

79.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff asks for three times its actual damages. Tex. Ins. Code §541.152.

80.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim in damage to the property, as well as eighteen (18)

percent interest per annum of the amount of such claim as damages, together with attorneys' fees. Tex. Ins. Code §542.060.

81.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insured's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

82.     For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorneys' fees, interest and court costs.

83.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VII.
## JURY DEMAND

84.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Nueces County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## VIII.
## CONDITIONS PRECEDENT

85..     All conditions precedent have been satisfied prior to bringing this action.

## IX.
## REQUEST FOR DISCLOSURE

86.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the materials described in Texas Rule of Civil Procedure 194.2.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff hass and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

HILLIARD MARTINEZ GONZALES LLP

By: */s/ Marion M. Reilly*
    Robert C. Hilliard
    State Bar No. 09677700
    bobh@hmglawfirm.com
    Catherine T. Hilliard
    State Bar No. 24013642
    catherine@hmglawfirm.com
    John B. Martinez
    State Bar No. 24010212
    john@hmglawfirm.com
    Marion Reilly
    State Bar No. 24079195
    marion@hmglawfirm.com
    Bradford P. Klager
    State Bar No. 24012969
    brad@hmglawfirm.com
    John C. Duff
    State Bar No. 24086979
    jduff@hmglawfirm.com

Jessica J. Pritchett
State Bar No. 24102377
jpritchett@hmglawfirm.com

719 S. Shoreline Boulevard
Corpus Christi, Texas 78401
Telephone No. 361-882-1612
Facsimile   No. 361-882-3015
**ATTORNEYS FOR PLAINTIFF**